**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:                                                                    BKY 17-60624-MER


Stanley Ray Jacklitch,                                          Chapter 7

                        Debtor.

---

**MEMORANDUM DECISION**

---

At Fergus Falls, Minnesota, July 31, 2018.

On October 20, 2017, Stanley Ray Jacklitch filed a petition under chapter 7 of the

Bankruptcy Code.  ECF No. 1.  Don R. Krassin represents him.  After the debtor filed amended

schedules, ECF No. 16, the trustee, David G. Velde, represented by Logan Moore, filed an amended

motion objecting to the debtor's claim of exemptions.  Am. Mot., ECF No. 19.  The debtor claimed

$44,809.64 in an IRA at Midland National Life exempt under alternative grounds, MINN. STAT. §

550.37, subds. 10 and 20, and MINN. STAT. § 550.37, subd. 24.  The trustee objects to the amount

that the parties agree are traceable to life insurance proceeds resulting from the passing of the

debtor's spouse, $34,000.00.  Am. Mot., ECF No. 19; Stip. Facts No. 6, ECF No. 31 at 2.  After an

assessment of the law and facts, the Court will decide the matter.

**Analyzing Minnesota Exemptions, Generally**

"Where a debtor chooses to exempt property pursuant to state statute, courts necessarily

determine his or her eligibility thereunder by looking to state law."  In re Mueller, 215 B.R. 1018,

1022 (B.A.P. 8th Cir. 1998) (citations omitted).  In doing so, federal courts view decisions by the

state's highest court as binding precedent.  Progressive N. Ins. Co. v. McDonough, 608 F.3d 388,

390 (8th Cir. 2010).  When the state's highest court has yet to opine, federal courts rely on opinions

of the state's intermediary courts as persuasive authority to predict the state's highest court's

outcome.  Id.  In Minnesota, "[t]he object of all interpretation and construction of laws is to

ascertain and effectuate the intention of the legislature."  MINN. STAT. § 645.16.  Courts ascribe the

plain and ordinary meaning to words to glean the intent of the legislature.  Premier Bank v. Becker

Dev., LLC, 785 N.W.2d 753 (Minn. 2010) (citing MINN. STAT. § 645.08).  When the statute is

unambiguous, the statute's plain meaning must apply.  Larson v. State, 790 N.W.2d 700, 703 (Minn.

2010); see also MINN. STAT. § 645.16.  These precepts guide the Court's analysis of MINN. STAT. §

550.37, subds. 10 and 20, and  MINN. STAT. § 550.37, subd. 24.

**Tracing Exemptible Insurance Proceeds**

As one basis for his exemption, the debtor relies upon the interaction between subdivision

10 and subdivision 20 of MINN. STAT. § 550.37.  The Court will examine each subdivision one at a

time.

Section 550.37 of the Minnesota Statutes exempts:

> Subd. 10. Insurance proceeds. *All money received by*, or payable to, *a surviving spouse* or
> child from insurance *payable at the death of a spouse*, or parent, not exceeding $46,000.
> The $46,000 exemption provided by this subdivision shall be increased by $11,500
> for each dependent of the surviving spouse or child.

MINN. STAT. § 550.37, subd. 10 (emphasis added).  The parties stipulated "that the $34,000.00 can be

traced to life insurance proceeds stemming from the death of the Debtor's spouse."  Stip. Facts No.

6, ECF No. 31 at 2.  In other words, the parties agree that the $34,000.00 sprouted from an

exemptible source.  Their agreement ends here.

The parties disagree on the effect of the debtor's deposit of that amount in an IRA at

Midland National Life vis-à-vis the debtor's claim of exemption.  They both rely upon MINN. STAT.

§ 550.37, subd. 20, and Ross v. Simzer, 258 N.W. 582 (Minn. 1935) to support their entrenched

positions.[1]

---

[1] This conjures up a scene from "Fiddler on the Roof."  FIDDLER ON THE ROOF (The Mirisch
Production Company, and Cartier Productions 1971).  A group of people had gathered.  Mordcha

Subdivision 20 of MINN. STAT. § 550.37 states, in part:

Subd. 20. Traceable funds. *The exemption* of funds from creditors' claims, *provided by subdivisions 9, 10, 11, 15, and 24, shall not be affected by the subsequent deposit* of the funds *in a bank or any other financial institution*, whether in a single or joint account, *if the funds are traceable to their exempt source.*

 MINN. STAT. § 550.37, subd. 20 (emphasis added).  Subdivision 20 of MINN. STAT. § 550.37

continues the exemptions provided by subdivision 9, 10, 11, 15 and 24.  See Cmty. Bank Henderson

v. Noble, 552 N.W.2d 37, 40 (Minn. Ct. App. 1996) ("Subdivision 20 does no more than continue

an exemption provided by subdivision 24.");  Midland Credit Mgmt. v. Chatman, 796 N.W.2d 534,

535 (Minn. Ct. App. 2011) (explaining that MINN. STAT. § 550.37, subd. 20 "expressly protects

proceeds by certain exemptions following their deposit into an account at a bank or other financial

institution 'if the funds are traceable to their exempt source.'" (quoting MINN. STAT. § 550.37, subd.

20)).

The trustee argues that MINN. STAT. § 550.37, subd. 20, read in light of Ross v. Simzer, 258

N.W. 582 (Minn. 1935) means that "the tracing of an exemption of life insurance does not extend

beyond its *deposit into a checking or savings account* at a financial institution."  Trustee's Br., ECF No. 32

---

exclaimed, "Why should I break my head about the outside world?  Let the outside world break its own head!  Well put, no?"  Laughter erupted.

Tevye replied in agreement, "He's right.  As the Good Book says 'if you spit in the air, it lands in your face.'"

Perchik, a revolutionary sort, disagreed, "Nonsense.  You can't close your eyes to what's happening in the world."

To that, Tevye also replied in agreement, "He is right."

Avram, the man who had rushed to share distressing news, without delay recognized Tevye's inconsistences, "He's right," pointing to Perchik, "and he's right?" pointing to Mordcha.  Then he, while wagging his finger at Tevye, said "They both can't be right."

After a brief pause, Tevye responded: "You know . . . you are also right."

As is the situation here, they both can't be right.

3

at 2 (emphasis added).  The debtor argues that MINN. STAT. § 550.37, subd. 20 changes the effect of

Ross v. Simzer.  Debtor's Br., ECF No. 29 at 4-5.  The Court agrees with the debtor.

In Ross v. Simser, the Supreme Court of Minnesota held that property purchased with

exemptible insurance proceeds was not exempt.  258 N.W. 582 (Minn. 1935).  To hold otherwise

would create a continual string of exemptions.  Id. at 583.  ("Were we to hold otherwise than we do,

no limit could be set.  Whatever was purchased, whatever the form of investment and subsequent

change therein, and no matter to what use the property was put or what the enhancement in its

value, the exemption would still attach.").  In so holding, the Court distinguished the law in

Minnesota from the law in Iowa, the latter exempting "the avails" of the insurance, i.e., property

purchased with exempt insurance proceeds.  Id.  That language was not a feature of Minnesota law.

The Court found that reading "the avails" language into the Minnesota statute would be legislating

from the bench.  Id.

The funds here trace to a source exemptible under MINN. STAT. § 550.37, subd. 10.  The

debtor placed the traceable, exemptible funds in an IRA at Midland National Life.  The trustee never

argued that Midland National Life fails to qualify as "any other financial institution."  Thus, "the

exemption of funds . . .  provided by subdivision[] . . . 10 . . . shall not be affected  by the subsequent

deposit of the funds in a bank, whether in a single or joint account, if the funds are traceable to their

exempt source."  MINN. STAT. § 550.37,  subd. 20.  The debtor's claim of exemption falls under

MINN. STAT. § 550.37,  subds. 10 and 20.

The trustee argues that the exemption status of exemptible proceeds continues under MINN.

STAT. § 550.37, subd. 20 only when "deposit[ed] into a checking or savings account at a financial

institution."  Trustee's Br., ECF No. 32 at 2.  He relies on Ross v. Simzer, 258 N.W. 582 (Minn.

1935).  Granted, in Ross v. Simzer, the Court stated, "It is held that, if proceeds of insurance are

deposited in a bank to the credit of the beneficiary, the exemption attaches to the deposit."  Id. at

583.  The reason supporting that statement was that "the beneficiary-depository retains control of

the money with the same right and opportunity to use it as such as though the deposit had not been

made."  Id.  That same Court emphasized, "we must take the statute as we find it and are not at

liberty to add to it by a process which, if indulged in, would be an amendment and, in effect, judicial

legislation."  Id.  Section 645.16 of the Minnesota Statutes crystalizes this caveat: "When the words

of a law in their application to an existing situation are clear and free from all ambiguity, *the letter of

the law shall not be disregarded under the pretext of pursuing the spirit.*"  MINN. STAT. § 645.16 (emphasis

added).  Simply put, the letter of the law does not spell out the trustee's interpretation.  Subdivision

20 of MINN. STAT. § 550.37 contains no limitation that an account must be a checking or saving

account at a financial institution for exemptible proceeds to retain its exempt status.  Thus, this

Court cannot write that limitation into the statute.

Therefore, the trustee's objection to the debtor's claim of exemption under MINN. STAT. §

550.37, subds. 10 and 20 is overruled.

**IRA Exemption**

The trustee also objects to the debtor's alternative basis for exempting the funds in an IRA

account, MINN. STAT. § 550.37, subd. 24, to the amount traceable to the life insurance proceeds.  He

does so, because the debtor, as he sees it, failed to satisfy one of apparently three requisites in MINN.

STAT. § 550.37, subd. 24, as voiced in In re Jenkins, 300 B.R. 348 (Bankr. D. Minn. 2003).  To

elaborate further, the debtor can't exempt the funds in the IRA, argues the trustee, because the

debtor's right to receive payment is not on account of illness, disability, death, age or length of

service.  Developments in the law have outpaced the trustee's position.

Subdivision 24 of the MINN. STAT. § 550.37, subd. 24 exempts:

(a) The debtor's right to receive present or future payments, or payments received by
the debtor, under a stock bonus, pension, profit sharing, annuity, individual
retirement account, Roth IRA, individual retirement annuity, simplified employee
pension, or similar plan or contract on account of illness, disability, death, age, or

5

length of service, to the extent of the debtor's aggregate interest under all plans and
contracts up to a present value of $69,000 and additional amounts under all the plans
and contracts to the extent reasonably necessary for the support of the debtor and
any spouse or dependent of the debtor.

MINN. STAT. § 550.37, subd. 24. After Jenkins, the Supreme Court of Minnesota examined MINN.

STAT. § 550.37, subd. 24, in Clark v. Lindquist, 683 N.W.2d 784 (Minn. 2004). There, the Court

explained that "it seems to us that our legislature clearly intended that IRAs generally be exempt by

expressly listing them, in contrast to 11 U.S.C. § 522(d)(10)(E), which does not mention them by

name." Id. at 787. The Supreme Court of Minnesota ultimately held that, "an IRA, as defined by

the Internal Revenue Code § 408, is exempt property under Minn. Stat. § 550.37, subd. 24, as limited

by the terms of subdivision 24(a) to an indexed present value and sums reasonably necessary for the

support of the debtor and the debtor's spouse or dependents." Id. at 788.

The Court must view Clark as binding precedent when analyzing a state law statute. See

Progressive N. Ins. Co. v. McDonough, 608 F.3d 388, 390 (8th Cir. 2010) ("This court is bound by

decisions of the highest state court when interpreting state law." (citing Minn. Supply Co. v.

Raymond Corp., 472 F.3d 524, 534 (8th Cir. 2006))). The debtor need not show that his right to

payment is on account of illness, disability, death, age or length of service. Therefore, the trustee

has misplaced his argument.[2]

Thus, the trustee's objection to the debtor's claim of exemption under MINN. STAT. §

550.37, subd. 24, is overruled.

**Conclusion**

Based on the above, the debtor is entitled to claim his exemption, under either Minn. Stat. §

510.37, subds. 10 and 20, OR MINN. STAT. § 550.37, subd. 24.

---

[2] The trustee objected to $34,000.00, the amount traceable to the life insurance proceeds, rather than
the entire amount claimed exempt in the IRA at Midland National Life, $44,809.64. That take seems
antithetical, because the trustee never explained what differentiates the traceable proceeds from the
non-traceable proceeds.

ACCORDINGLY, IT IS ORDERED:

1.  The trustee's objection to the debtor's claimed exemption is **OVERRULED**.

2.  The debtor's claimed exemption in the amount of $44,809.64 is **ALLOWED**.

*/e/ Michael E. Ridgway*

United States Bankruptcy Judge

> NOTICE OF ELECTRONIC ENTRY AND
> FILING ORDER OR JUDGMENT
> Filed and Docket Entry made on *07/31/2018*
> Lori Vosejpka, Clerk, by MJS